Ex parte R. L. HANCOCK.

No. A-9291. April 2, 1937.

(66 Pac. [2d] 954.)

R. L. Hancock, per se.

Mac Q. Williamson, Atty. Gen., for the State.

PER CURIAM. This is an original petition in habeas corpus filed by R. L. Hancock, who alleges that he is unlawfully restrained of his liberty by J. F. Dunn, warden of the State Penitentary, at McAlester, Okla.:

"That the cause of this unlawful and wrongful detention is to the best knowledge and belief of your petitioner, is, that as warden of said penitentiary and those acting for him and under him have what is known as a commitment from the district court of Tulsa county, Oklahoma, sentencing him to serve a term of five years in said penitentiary. That the said commitment says, and the said warden informs your petitioner, that he is being so held and confined, charging him with 'stealing a mule,' pretending the said charge and commitment to be legal and a violation of the Criminal Statutes of the State of Oklahoma."

The only question to be determined by this court is, Do the statutes of Oklahoma cover the larceny of a mule? It is admitted by the petitioner that he is confined by reason of the commitment on a conviction, charged with the larceny of a mule. Section 2267, O. S. 1931 (21 Okla. St. Ann. § 1716), under the title, Larceny of Domestic Animals, in part is as follows:

"Any person in this state who shall steal any horse shall be guilty of a felony and upon conviction shall be punished by confinement in the State Penitentiary for a term of not less than five years nor more than ten years."

The last sentence in section 2267, O. S. 1931 (21 Okla. St. Ann. § 1716), supra, is as follows:

"The word 'horse' as used in this act, shall include all animals of the equine species."

It cannot be successfully disputed that the mule is of equine species. 30 Corpus Juris p. 458, § 1, defining the horse, in part says:

"A generic term including all variation of age, sex, and conditions; any animal of the genus equus; a neighing quadruped used in war, draught and carriage; a term as nomen generalissimum; may embrace within its meaning a colt, a filly, a gelding, a jackass, a mare, a mule, an ass or a stallion." Citing many cases in support of the definition.

It is clear from the statement of petitioner that he has been tried and convicted of the larceny or stealing of a mule. The court has no doubt that the mule is an animal of the equine species, and comes within the provisions of section 2267, supra.

The petitioner does not state sufficient facts in his petition to entitle him to the relief prayed for. The writ is denied.